OPINION OF THE COURT
Joseph A. Grosso, J.
The defendant is charged with criminal possession of a weapon in the fourth degree, a violation of Penal Law § 265.01 (1). The People allege in substance that the defendant possessed a loaded revolver in his home on August 3, 1991. The defendant represents that he is a Federal police officer employed by the Department of the Navy in the Security Depart *553 ment at the Naval Station in Brooklyn, New York, and as such is exempt from prosecution under Penal Law article 265.
Penal Law § 265.20 (a) (1) (d) exempts "[p]ersons in the military or other service of the United States, in pursuit of official duty or when duly authorized by federal law, regulation or order to possess” a weapon. The defendant argues that pursuant to 40 USC § 318d, as a Federal police officer, he is empowered to "carry firearms, whether on Federal property or in travel status.” Specifically, the defendant contends his possession of a weapon in his home should fall into the exempt category of Penal Law § 265.20 (a) (1) (d), as "authorized by federal law”, inasmuch as carrying such weapon from his home to his place of work should be encompassed under the "travel status” authorization of 40 USC § 318d.
The defendant’s argument is without merit. It is settled that without specific Federal authority, off-duty Federal officers may not possess a weapon defined in article 265 of the Penal Law without an appropriate license. (See, People v Marrero, 71 AD2d 346, 348 [1st Dept 1979]; 1978 Atty Gen [Inf Opns] 126.) I conclude from the legislative history of 40 USC § 318d that the authority to possess a weapon while in "travel status” does not encompass an officer’s travel between the worksite and home. On the contrary, this legislative history makes it clear that the authorization to carry a firearm while in "travel status” is limited to those times when the officer is on duty and is being reassigned from one Federal site to another. The 1961 US Code Congressional and Administrative News (at 2827-2828), which sets forth the justification for the above-cited Federal legislation, states the following in pertinent part:
"This section would authorize and empower the Administrator of General Services, or officials of the General Services Administration duly authorized by him, to appoint nonuniformed special policemen who are engaged in investigative work to operate on Federal property or in Federal buildings with authority to carry firearms while on duty whether in travel status or on Federal property under the charge or control of the United States. * * *
"Since special policemen with their arresting powers carry firearms and may frequently be reassigned from one public building to another, and may even be required to cross State lines, it is essential that they be specifically authorized to carry their firearms while in travel status.”
*554 I, therefore, conclude that the defendant, while in his home, was neither on duty nor in the process of being reassigned from one Federal property to another. Accordingly, he is not exempt from prosecution for possession of a loaded firearm in his home under Penal Law § 265.01 (1). His motion to dismiss is therefore denied.